[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
STATE OF CONNECTICUT JASON ROBERTS Date of Sentence May 18, 2001 Date of Application May 18, 2001 Date Application Filed May 18, 2001 Date of Decision March 26, 2002
Application for review of sentence imposed by the Superior Court, Judicial District of Waterbury.
Docket No. CR 00-294460.
Michael Dolan Defense Counsel, for Petitioner
Maureen Keegan Assistant State's Attorney, for the State.
 BY THE DIVISION
On May 11, 1998, the petitioner pleaded guilty to charges of conspiracy to commit burglary, 1st degree and conspiracy to commit robbery 1st
degree. He received an effective sentence of ten years, execution suspended after four years and probation for five years. The underlying facts were that Robert's three co-defendants entered the victims' home and held the victims at gunpoint for the purpose of robbing them. The petitioner, while he did not enter the home, allegedly planned the crime.
Roberts was released from incarceration on September 20, 1999 and had his initial probation visit on November 1, 1999.
On October 7, 2000 he was arrested for possession of marijuana and possession of hallucinogens.
On November 15, 2000 he was arrested for breach of peace, interfering, possession of narcotics and reckless driving.
He subsequently admitted the violation of probation and pleaded guilty to possession of narcotics and possession of marijuana.
His probation was revoked and the six year remainder of his sentence was imposed. He received a concurrent one year sentence on the new charge of possession of narcotics. The court imposed an unconditional discharge on the marijuana count and dismissed the motor vehicle charges. Thus the effective sentence was six years to serve.
In asking for a reduction his attorney states that Roberts has a substance abuse problem and needs a drug program rather than incarceration. Roberts reiterates that is the case.
There are, of course, substance abuse rehabilitation programs available in our correctional facilities. The sentencing court could reasonably infer that the petitioner could not benefit from probationary supervision, and did not impose any additional time for the new crime of possession of narcotics. This sentence cannot be said to be inappropriate or disproportionate. (Reference is made to practice Book § 43-28.) It is affirmed.
Klaczak, Norko and Miano, J's, participated in this decision.